PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

JUAN SANTANA,

       Plaintiff,

  -v-                                                  20-CV-0246-LJV
                                                         ORDER

SERGEANT DURFEE,[1] et al.,

       Defendants.

───────────────────────────────────────

## INTRODUCTION

The *pro se* plaintiff, Juan Santana, was a prisoner confined at the Orleans Correctional Facility ("Orleans") when he filed this action. This Court previously granted Santana permission to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and to amend his complaint to set forth cognizable claims. Docket Item 3.

On May 13, 2020, Santana filed an amended complaint. Docket Item 5. He asserts claims under 42 U.S.C. § 1983 and alleges that the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights. *Id.* This Court therefore has screened his complaint for a second time. Two of Santana's claims may proceed, but the remaining claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).[2]

---

[1] The Clerk of Court shall amend the caption to reflect the name supplied by the Department of Corrections and Community Services ("DOCCS"). *See* Docket Item 6.

[2] This Court assumes familiarity with the underlying facts, the procedural history, and its prior decision and order and will refer only to the facts necessary to explain its decision.

1.      **First Claim: Substantive Due Process**

Santana first alleges that "his SHU entry" violated the substantive rights afforded under the due process clause to the Fourteenth Amendment of the United States Constitution. *See* Docket Item 5 at 10-11. To the extent Santana claims that the disciplinary hearings that resulted in his confinement in the Special Housing Unit were constitutionally deficient, that is a claim for a procedural due process violation and is addressed below. *See Velez v. Levy*, 401 F.3d 75, 94 (2d. Cir. 2005) ("[W]here a specific constitutional provision prohibits government action, plaintiffs seeking redress for that prohibited conduct in a [section] 1983 suit cannot make reference to the broad notion of substantive due process"). To the extent Santana claims that Sergeant Durfee's and John Does #1-4's alleged excessive use of force violated his substantive due process rights, that claim properly is brought under the Eighth Amendment and also is addressed below. Santana's first claim therefore is at best duplicative of other claims and is dismissed with prejudice because leave to amend would be "futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

2.      **Second Claim: Procedural Due Process (Fourteenth Amendment)**

Santana's claim against Hearing Officer Heary also is dismissed for failure to state a claim upon which relief may be granted. In its prior order, this Court directed Santana to "amend his complaint, if possible, to include specific factual allegations showing that the 'conditions of his [disciplinary] confinement . . . were dramatically different from the basic conditions of [his] indeterminate sentence.'" Docket Item 3 at 10 (quoting *Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996)). The amended complaint lacks any allegations that Santana's 45-day confinement in the Special Housing Unit—

which is less than half of the 101-day period generally found insufficient by the Second Circuit to show a dramatic departure from normal conditions—"create[d] an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,'" *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Santana's second claim therefore is dismissed as well.

### 3. Third Claim: Denial of Adequate Medical Care (Eighth Amendment)

Santana also alleges that "Dr. John Doe" and "Nurse Jane Doe" provided inadequate medical care, in violation of the Eighth Amendment.  That claim may proceed.  Santana alleges that after his circumcision, the gauze pads used to dress the wound "became drenched in blood and urine"; that he nevertheless was denied additional time to convalesce; that he then developed an infection; and that while in pain from that infection, he waited "weeks" to see a doctor.  Docket Item 5 at 5-6.  He also alleges that after the stitches were removed, the incision area "swelled" and "reddish puss began to outflow from the affected area," but he was given only a topical cream that "continually [ran] out," causing him pain.  *Id.* at 6.  Santana thus has adequately alleged that he suffered from "[a] serious medical condition"—that is, a condition "where the failure to treat . . . could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that prison officials both knew of and "disregard[ed] that risk by failing to take reasonable measures to abate it," *see Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (citations omitted)*.*

### 4. Fourth Claim: Excessive Force (Eighth Amendment)

For the reasons stated in this Court's prior order, Santana's claims against Sergeant Durfee and John Does #1-4 for excessive use of force may proceed. *See* Docket Item 3 at 7-8.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that the Clerk of Court shall amend the caption to replace "Sergeant Duffee" with "Sergeant Durfee," s*ee* Docket Item 6; and it is further

ORDERED that Santana's claims under the Due Process Clause of the Fourteenth Amendment (claims one and two) are dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and the Clerk of Court shall terminate "CHO, Heary" as a defendant to this action; and it is further

ORDERED, under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), that DOCCS shall provide the Court with the full names and addresses of Sergeant Durfee, Dr. John Doe, and Nurse Jane Doe—or a statement of written reasons why such identification is improper or impossible—**within 35 days of the date of this order**; and it is further

ORDERED that DOCCS's failure to comply with this order may result in sanctions under Rule 37 of the Federal Rules of Civil Procedure; and it is further

ORDERED that the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, amended complaint, this Court's prior order, Docket Item 3, and this order upon defendants Sergeant Durfee, Dr. John Doe, and Nurse Jane Doe (once identified), without the plaintiff's payment therefor, unpaid fees to

be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED, in light of DOCCS's letter explaining that it was unable to identify Officers John Doe #1-4, *see* Docket Item 7, that Santana may move at a later date for additional discovery aimed at identifying those defendants; the Court also may *sua sponte* order additional discovery under *Valentin*; and it is further

ORDERED the Clerk of Court shall forward a copy of this order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>; and it is further

ORDERED, under 42 U.S.C. § 1997e(g), that once served, the defendants shall respond to the complaint by answer or otherwise; and it is further

ORDERED that Santana shall notify the Court in writing if his address changes. The Court may dismiss the action if Santana fails to do so.

SO ORDERED.

Dated: June 1, 2020
Buffalo, New York

    */s/ Hon. Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE